UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMALA GUISASOLA,<br><br>    Plaintiff,<br><br> v.<br><br>CROSSMARK, INC,<br><br>    Defendant. | CASE NO. C13-1337-MJP<br><br>ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on two discovery motions. First, Plaintiff moves to compel Defendant Crossmark to produce deposition transcripts. (Dkt. No. 37). (Dkt. No. 38.) Second, Defendant moves for entry of a protective order. (Dkt. No. 39.) The Court reviewed the motions, the responses, the replies, and all related papers. The Court GRANTS Defendant's motion (Dkt. No. 39) and DENIES Plaintiff's motion (Dkt. No. 37.)

**Background**

This is an action for unpaid wages. Ms. Guisasola alleges her former employer, Crossmark, did not pay her for work performed and/or paid her at improper rates. (Dkt. No. 1 at 4.) She claims these practices violated the Fair Labor Standards Act, 29 U.S.C. §§201.

1  Ms. Guisasola originally brought her claims as part of a putative class action in the
2  Eastern District of Pennsylvania. (Dkt. No. 42-1 at 2.) In November 2012, the Pennsylvania
3  Court denied plaintiffs' motion for class certification, finding that class members were not
4  similarly situated. Postiglione v. Crossmark, Inc., 2012 WL 5829793, at *7 (E.D.Pa. Nov. 15,
5  2012). After the dismissal of that case, Ms. Guisasola sued Crossmark in this Court.

## Discussion

A.  Ms. Guisasola Motion to Compel

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Plaintiff asks this Court to compel the deposition transcripts of Crossmark employees taken as part of other litigation. (Dkt. No. 37 at 1.) These transcripts are subject to protective orders from other courts. (Dkt. No. 42 at 9.) Nonetheless, Plaintiff asserts these depositions are relevant to her claim "that Crossmark had actual or constructive knowledge that she was not paid for all her time worked." (Dkt. No. 37 at 4.)

The crux of the parties' dispute is relevance. But, the Court does not decide that issue because Plaintiff brought this matter to the wrong court. While deposition transcripts may advance "the interests of judicial economy by avoiding the wasteful duplication of discovery," under the Ninth Circuit's decision in Foltz v. State Farm Mutual Automobile Insurance Co., it is "the court that issued the [protective] order [that] is in the best position to make the relevance assessment for it presumably is the only court familiar with the protected discovery." 331 F.3d 1122, 1132 (9th Cir. 2003). Given that these documents are subject to other courts' protective

orders, the Court DENIES the motion until the issuing courts modify those protective orders. <u>Id.</u> at 1133 ("once the district court has modified its protective order….the disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts.")[1]  The motion is DENIED without prejudice.  Plaintiff may bring a renewed motion should the issuing courts modify the protective orders.

      B.  Defendant's Motion for a Protective Order

In a related motion, Crossmark moves for a protective order to preclude Plaintiff's counsel from disclosing confidential discovery produced in this case to litigants in other cases. (Dkt. No. 37 at 5.)  Crossmark agreed to allow Plaintiffs in all of the cases before this Court to share discovery.  (Dkt. No. 37-1 at 3.)  In contrast, Plaintiff wants to add language to this District's model protective order that would allow it to share Crossmark's confidential documents with any other <u>Postiglione</u> plaintiff.  (Dkt. No. 38 at 5.)  Plaintiff's proposition is unworkable: this Court would be tasked with policing discovery far beyond this case and its jurisdiction.  The Ninth Circuit's decision in <u>Foltz</u> establishes the procedure for collateral litigants to seek access to confidential discovery.  Ms. Guisasola must follow that protocol.

The Court GRANTS the motion and ADOPTS the district's model protective order, with the other modifications agreed to by the parties.  The Order is as follows:

<u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

---

[1] The Court is also skeptical of Plaintiff's suggestion that Crossmark can simply photocopy the deposition transcripts and supply them by email.  Such a practice would likely conflict with Crossmark's agreement with the court reporter for each deposition.

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1.1   For purposes of this Stipulated Protective Order, the terms "this action," "this lawsuit," "this litigation," and "this case" shall refer collectively to the cases currently pending before this Court as *Tamela Guisasola v. CROSSMARK, Inc.*, No. C13-1337, *Stephen Nick and Patricia Kaiser v. CROSSMARK, Inc.*, No. C13-1335, *Bruce Nielsen v. CROSSMARK, Inc.*, No. C13-1334, and *Sally Wardell v. CROSSMARK, Inc.*, No. C13-1331, as well as any other action involving any of the Plaintiffs Guisasola, Kaiser, Nick, Nielsen, and Wardell that may arise as a result of any order by the Court to sever and/or consolidate any or all of the aforementioned cases (hereinafter, "the Washington Cases").  The parties agree that confidential materials and information produced in any one of the Washington Cases may be disclosed to persons in any of the other Washington Cases who are qualified to receive such confidential materials or information as defined in Section 4.2 below, subject to all other provisions of this Stipulated Protective Order.  Such agreement is made only for the sake of streamlining the discovery process, and does not represent any concession by CROSSMARK that any of the Washington Cases are "related" or should be consolidated.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material that CROSSMARK believes is confidential and should be protected shall include the following documents and tangible things produced or otherwise exchanged:  employment records and/or private personal information of the Plaintiff and other

current or former employees, such as evaluations, disciplinary actions, payroll records, personal identifying information, financial information, and confidential information about employee compensation; commercially sensitive and/or trade secret information relating to CROSSMARK's business plans, marketing strategies, and budgeting methods, as well as its proprietary methods of assigning, organizing, managing, and reporting employee work assignments; confidential information relating to CROSSMARK's business arrangements with third party customers; trade secret information relating to the technical characteristics of the proprietary software used by CROSSMARK for employee time reporting and work management; sensitive technical information relating to the security protocols and backup procedures of CROSSMARK's computer systems; and such other documents or information the disclosure of which CROSSMARK reasonably and in good faith believes could place CROSSMARK at a competitive disadvantage, breach duties of confidentiality CROSSMARK owes to non-parties, and/or intrude on the privacy rights of non-parties.

Plaintiffs take no position on the appropriateness of any particular designation at this time, and does not agree that the above-described documents are necessarily warranting of the Court's protection. Nonetheless, to facilitate discovery and in the spirit of cooperation, Plaintiffs agree to entry of this stipulated order.

3.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

ORDER DENYING MOTION TO COMPEL AND
GRANTING MOTION FOR PROTECTIVE
ORDER- 6

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3  **Filing Confidential Material**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Pursuant to Local Civil Rule 5(g)(3), it shall be solely the responsibility of the designating party, not the filing party, to defend or explain the confidential designation to the Court.

5.  DESIGNATING PROTECTED MATERIAL

5.1  **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the

1 | transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript,
2 | designate portions of the transcript, or exhibits thereto, as confidential. (c) Other tangible items:
3 | the producing party must affix in a prominent place on the exterior of the container or containers
4 | in which the information or item is stored the word "CONFIDENTIAL." If only a portion or
5 | portions of the information or item warrant protection, the producing party, to the extent
6 | practicable, shall identify the protected portion(s).

7 |       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
8 | designate qualified information or items does not, standing alone, waive the designating party's
9 | right to secure protection under this agreement for such material. Upon timely correction of a
10 | designation, the receiving party must make reasonable efforts to ensure that the material is
11 | treated in accordance with the provisions of this agreement.

12 | 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

13 |       6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of
14 | confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
15 | designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
16 | burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
17 | challenge a confidentiality designation by electing not to mount a challenge promptly after the
18 | original designation is disclosed.

19 |       6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute
20 | regarding confidential designations without court involvement. Any motion regarding
21 | confidential designations or for a protective order must include a certification, in the motion or in
22 | a declaration or affidavit, that the movant has engaged in a good faith meet and confer
23 | conference with other affected parties in an effort to resolve the dispute without court action. The
24 |

1  certification must list the date, manner, and participants to the conference. A good faith effort to
2  confer requires a face-to-face meeting or a telephone conference.

3   6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court
4  intervention, the designating party may file and serve a motion to retain confidentiality under
5  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
6  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
7  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
8  other parties) may expose the challenging party to sanctions. All parties shall continue to
9  maintain the material in question as confidential until the court rules on the challenge.

10  7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
11  LITIGATION</u>

12   If a party is served with a subpoena or a court order issued in other litigation that compels
13  disclosure of any information or items designated in this action as "CONFIDENTIAL," that
14  party must:

15   (a)   promptly notify the designating party in writing and include a copy of the
16  subpoena or court order;

17   (b)   promptly notify in writing the party who caused the subpoena or order to issue in
18  the other litigation that some or all of the material covered by the subpoena or order is subject to
19  this agreement. Such notification shall include a copy of this agreement; and

20   (c)   cooperate with respect to all reasonable procedures sought to be pursued by the
21  designating party whose confidential material may be affected.

22  8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23
24

ORDER DENYING MOTION TO COMPEL AND
GRANTING MOTION FOR PROTECTIVE
ORDER- 10

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10. **RESERVATION OF RIGHTS**

Stipulating to entry of this Order, agreeing to produce or producing confidential material, or otherwise complying with the terms of this Order will not:

   A. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

   B. Operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be confidential material;

ORDER DENYING MOTION TO COMPEL AND
GRANTING MOTION FOR PROTECTIVE
ORDER- 11

1     C. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

    D. Prejudice in any way the rights of a party as to whether any confidential material should be subject to the terms of this Order; or

    E. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential material.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

At the end of the litigation, the receiving party shall not be required to return or destroy, but merely to acknowledge that any and all "CONFIDENTIAL" documents are to be maintained confidential, and are not to be used or disclosed otherwise than as permitted by this Order. The parties specifically acknowledge that the receiving party is entitled to retain one archival copy (paper or electronic or both) of all documents produced in the litigation, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**Conclusion**

The Court DENIES Plaintiff's motion (Dkt. No. 37), because it is the courts that issued the protective orders, not this one, which determines if Ms. Guisasola should have access to the already conducted and protected discovery. The Court GRANTS Defendant's motion (Dkt. No. 39) for a protective order.

//

//

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>25th</u> day of August, 2014.

                                                    */s/ Marsha J. Pechman*

                                                   Marsha J. Pechman
                                                   Chief United States District Judge

ORDER DENYING MOTION TO COMPEL AND
GRANTING MOTION FOR PROTECTIVE
ORDER- 13